IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMCO INSURANCE COMPANY,           )
                                  )
                    Plaintiff,    )
                                  )
v.                                )          Case No. 16-cv-2842-JAR-TJJ
                                  )
KEIM PROPERTIES, LLC,             )
                                  )
                    Defendant.    )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Keim Properties, LLC's Motion for Leave to

File Amended Answer and Cross-Claim (ECF No. 25) and Supplemental Motion for Leave to File

Amended Answer and Third-Party Petition (ECF No. 27). In the first motion, Defendant requests

leave to file an amended answer and crossclaim, which asserts claims for negligence, interference

with contractual relationship, breach of fiduciary duty, and negligent misrepresentation against

two third parties. In its supplemental motion, Defendant seeks leave to assert these claims in an

amended answer and third-party petition pursuant to Fed. R. Civ. P. 14. Plaintiff has advised the

Court that it does not oppose Defendant's motions. For the reasons stated below, the Court grants

Defendant leave to file its amended answer and third-party petition.

## I.      Factual and Procedural Background

Plaintiff filed its Complaint for Declaratory Judgment against Defendant on December 30,

2016, asking the Court to declare that there is no insurance coverage under Policy Number ACP

BPF 7254949419 (the "Policy") for losses Defendant sustained to its bakery from a July 26, 2016

fire. Plaintiff alleges that it denied coverage based upon Defendant's failure to maintain the

automated fire protective alarm system required by the protective safeguards endorsement of the

Policy. Plaintiff alleges Defendant suspended use of the central station fire alarm system on or about October 26, 2012 without notifying Plaintiff about the suspension.

On February 6, 2017, Defendant filed its answer asking the Court to declare that there is insurance coverage under the Policy for the losses it sustained. Defendant denies that it failed to maintain the required protective devices or services required by the Policy.

## II.     Motion for Leave to File Crossclaim Petition

The first motion before the Court is Defendant's renewed Motion for Leave to File Amended Answer and Cross-Claim (ECF No. 25). Defendant seeks leave to file an amended answer and crossclaim petition that asserts claims for negligence, interference with contractual relationship, breach of fiduciary duty, and negligent misrepresentation against its insurance agency and agent, Porter-Spears and Bundy Insurance Agency, Inc. and Sarah Porter, who are not parties to this action. The Court previously denied an earlier motion without prejudice, finding the motion requesting leave to file a crossclaim was not procedurally proper in that a crossclaim may not be asserted solely against persons who are not already parties to the original action, but must involve at least one existing party.[1] Defendant's renewed motion is similar to its first motion, but includes additional sections discussing Fed. R. Civ. P. 14(a)(5) and joinder under Fed. R. Civ. P. 19.

While Fed. R. Civ. P. 13(g) provides the procedure for asserting a crossclaim against a *coparty*, Rule 13(h) addresses the joinder of additional nonparties in a counterclaim or crossclaim. It merely provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Cases from this District, however, limit Rule 13(h) to only authorize

---

[1] See Order, ECF No. 21.

joinder of additional persons in order to "adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party."[2] Cases from other Districts have similarly held Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party.[3]

In this case, Defendant is the sole defendant and thus it cannot use Rule 13(h) to join third parties insurance agency and agent through its proposed crossclaim petition. Without at least one other co-defendant already in the case, the Court concludes that Rule 13(h) is not applicable and that Defendant's attempt to join third parties Porter-Spears and Bundy Insurance Agency, Inc. and Sarah Porter through its proposed crossclaim pursuant to Rule 13(h) is not procedurally proper. Defendant's renewed motion for leave to file a cross claim petition is therefore denied.

---

[2] *Raytheon Aircraft Credit Corp. v. Pal Air Int'l, Inc.*, 923 F. Supp. 1408, 1414 (D. Kan. 1996) (quoting 6 Charles Wright, Arthur Miller & Mary Kane, *Federal Practice & Procedure* § 1435 (3d ed. 2010)). *See also Indep. Drug Wholesalers Grp., Inc. v. Denton*, No. 92-2164-JWL, 1993 WL 62142, at *5 (D. Kan. Feb. 12, 1993) (allowing defendant to add new parties as additional counterclaim defendants pursuant to Rule 13(h) and 20 because the plaintiff was a party to the counterclaim).

[3] *See FDIC v. Bathgate*, 27 F.3d 850, 873 n.13 (3d Cir. 1994) (finding the better understanding is that "Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party") (quoting 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1435); *Sundance Energy Okla., LLC v. Dan D. Drilling Corp.*, No. CIV-13-991-R, 2014 WL 12160769, at *1 (W.D. Okla. July 3, 2014) ("The weight of authority holds that Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party."); *Jalin Realty Capital Advisors, LLC v. A Better Wireless, NISP, LLC*, No. CV 11-165 (JRT/LIB), 2011 WL 13136511, at *3 (D. Minn. Aug. 30, 2011) (persons other than the parties to the original action may be made parties under Rule 13(h), but such a "counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action but must involve at least one existing party"); *Hawkins v. Berkeley Unified Sch. Dist.*, 250 F.R.D. 459, 462 (N.D. Cal. 2008) (Rule 13(h) requires joinder of a new party "be anchored to a counterclaim or cross-claim against an original party"); *Brown v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 85 F.R.D. 328, 333 (D. Mich. 1980) ("It is well established, however, that the cross-claim must include as cross-defendant at least one existing co-party. An additional party . . . may not be brought in where the cross-claim is directed solely against the new party.").

### III.    Motion for Leave to File Third-Party Petition

Defendant has also filed its Supplemental Motion for Leave to File Amended Answer and Third-Party Petition (ECF No. 27). In this supplemental motion, Defendant indicates it is supplementing its earlier motion "to clarify that it seeks leave of the Court to file a Third-Party Petition against new defendants rather than cross-claims against new defendants."[4] Defendant attached its proposed Amended Answer and Third-Party Petition to its supplemental motion. The Court construes this supplemental motion as Defendant's alternate request for leave to assert its claims against the third parties through its proposed third-party petition under Rule 14.

Federal Rule of Civil Procedure 14 governs the filing of a third-party complaint. Under Rule 14(a)(1), a defending party may file a third-party complaint against a nonparty "who is or may be liable to it for all or part of the claim against it."[5] The defendant must obtain leave of court by motion if the third-party complaint is filed more than 14 days after its original answer.[6] Whether to grant or deny leave to file a third-party complaint is a matter within the court's sound discretion.[7]

A third-party claim may be asserted under Rule 14 "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant."[8] The original defendant's claim against a third-party

---

[4]  Def.'s Supp. Mot., ECF No. 27.

[5]  Fed. R. Civ. P. 14(a)(1).

[6]  *Id.*

[7]  *See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777–78 (10th Cir. 1992) ("The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court."); *U. S. Fid. & Guar. Co., v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968) ("Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge.").

[8]  *United of Omaha Life Ins. Co. v. Reed,* 649 F. Supp. 837, 841 (D. Kan. 1986).

defendant cannot simply be a related claim or one that arises against the same general background, but must be based upon the plaintiff's claim against the original defendant.[9]  "A defendant may not contend that another person is liable directly to the plaintiff. Rather, the rule allows a defendant to bring in parties if liability may be passed on to the impleaded third party."[10]

Even if the requirements of Rule 14 are met, numerous cases recognize that a court still has discretion to grant or deny a Rule 14 motion.[11]  In exercising its discretion, a court should construe the rule liberally to effectuate its intended purpose of adjudicating the rights of all persons concerned in the controversy in one proceeding and preventing the necessity of trying several related claims in different lawsuits.[12]  Some factors courts have considered when exercising this discretion include:

> (1) the benefits of a single action versus prejudice to the other party and confusion; (2) the timeliness of the request and prejudice to the plaintiff in delay; (3) whether the main case would unnecessarily expand in scope; (4) whether impleading new parties would unduly delay or complicate the trial; and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.[13]

---

[9]  *Id.*

[10]  *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard,* 216 F.R.D. 511, 513 (D. Kan. 2003) (citing *In re Dep't of Energy Stripper Well Exemption Litig.,* 752 F. Supp. 1534, 1536 (D. Kan. 1990)).

[11]  *Cessna Fin. Corp. v. Tri-Cty. Builders Corp.*, No. 14-1124-JTM-TJJ, 2014 WL 7148840, at *1 (D. Kan. Dec. 15, 2014); *Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292-KGS, 2011 WL 723039, at *4 (D. Kan. Feb. 23, 2011) (citing *Farmers & Merchants Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973); *First Nat'l Bank of Nocona*, 957 F.2d at 777).

[12]  *See United States v. Acord,* 209 F.2d 709, 712 (10th Cir. 1954) ("The purpose of Rule 14 [is] to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits. The rule should be liberally construed to effectuate its intended purposes.").

[13]  *Digital Ally,* 2011 WL 723039, at *4 (citing *Willard,* 216 F.R.D. at 514).

In a case with similar facts, *United of Omaha Life Ins. Co. v. Reed*,[14] the insurer brought a declaratory judgment action with regard to its liability for claims under a health insurance policy. The insured defendant filed a third-party complaint against the plaintiff's insurance agent, based upon alleged representations the agent made to defendant regarding coverage.[15] On a motion to dismiss the third-party complaint, the court found the third-party complaint was proper because it sought to hold the agent responsible for any liability that the insured defendant would incur if the court declared there was no coverage under the insurance policy.[16] It noted that any decision about whether there was coverage would require evidence concerning the agent's representations.[17]

In support of its motion, Defendant argues that one fact raised by Plaintiff in support of its position there is no coverage is that Defendant failed to notify Plaintiff that the outside monitoring of the fire alarm system had been discontinued. Defendant maintains that notice was given to a representative of Plaintiff, as well as to the third-party insurance agency and its agent representative, Porter-Spears and Bundy Insurance Agency, Inc. and Sarah Porter. Defendant contends it is necessary to add the insurance agency and agent as parties to this case based on the theory that these third parties should have provided proper notice to Plaintiff and failed to do so.

The Court finds that Defendant has pled sufficient facts in its motion and proposed third-party petition to show that it seeks to hold the insurance agency and agent responsible for any liability that Defendant will incur if the Court declares there is no coverage under the Policy. Only if Plaintiff is successful on its claims against Defendant—by obtaining a declaratory judgment that there is no insurance coverage under the Policy—will the proposed third-party defendant be liable

---

[14]  649 F. Supp. at 841.

[15]  *Id.*

[16]  *Id.*

[17]  *Id.*

to Defendant for all or part of Plaintiff's claims against it. Any decision about whether there is insurance coverage under the Policy for Defendant's loss resulting from the July 26, 2016 fire will require evidence concerning whether Defendant notified the third-party insurance agency and agent that the fire alarm system monitoring had been discontinued. It would also be wastefully duplicative to require Defendant to assert its claims against the insurance agency and agent in a separate action if the Court finds no coverage under the Policy.

Finally, the Court finds the other Rule 14 factors weigh in favor of granting the motion. Specifically, Defendant's proposed claims against the proposed third-party defendants would not expand the scope of the main case or unduly delay or complicate the case. Defendant's proposed third-party claims are based upon facts that are relevant to Plaintiff's underlying declaratory judgment action against Defendant. Although Defendant's present motion was not filed by the May 31, 2017 Scheduling Order deadline for filing motions for leave to amend the pleadings or add parties, it was filed shortly after the deadline and early in the case. The Court also finds that the benefits of a single action outweigh the risk of any prejudice or confusion to Plaintiff. Defendant is therefore granted leave to file its Amended Answer and Third-Party Petition against third-party defendants Porter-Spears and Bundy Insurance Agency, Inc. and Sarah Porter pursuant to Fed. R. Civ. P. 14.

**IT IS THEREFORE ORDERED** that the Supplemental Motion for Leave to File Amended Answer and Third-Party Petition of Defendant Keim Properties, LLC (ECF No. 27) is GRANTED. Defendant Keim is hereby granted leave to file its Amended Answer and Third-Party Petition in the form attached to its motion and shall electronically file it forthwith. Defendant Keim

shall serve Summons on a Third-Party Complaint[18] and its filed Amended Answer and Third-Party Petition upon newly added third-party defendants Porter-Spears and Bundy Insurance Agency, Inc. and Sarah Porter on or before **July 25, 2017**.

**IT IS FURTHER ORDERED** that the second Motion for Leave to File Amended Answer and Cross-Claim of Defendant Keim Properties, LLC (ECF No. 25) is DENIED.

IT IS SO ORDERED.

Dated June 27, 2017, at Kansas City, Kansas.


Teresa J. James
U. S. Magistrate Judge

---

[18] This form is available on the Court's website at:
http://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/summons-third-party-complaint.